IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KATHLEEN MORK,

                              Plaintiff,                              ORDER

          v.                                                         14-cv-333-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

Plaintiff Kathleen Mork seeks judicial review of a final decision of defendant Carolyn W. Colvin, the acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Mork's motion for summary judgment on May 14, 2015.  For the reasons stated more fully at the hearing, the court will deny Mork's motion and affirm the Commissioner's decision.

Mork contends that the ALJ made three reversible errors by failing to: (1) give sufficient weight to the opinion of Mork's treating source physician; (2) include limitations on Mork's ability to lift and the repetitive use of her hands and arms in her hypothetical questions to the vocational expert (VE); and (3) resolve a discrepancy in the DOT code number that the VE gave in his testimony.

The ALJ gave little weight to the opinion of Mork's treating doctor because it was "not consistent with [Mork's] examination findings of intact muscle strength and pin sensation along the bilateral upper extremities, as well as [Mork's] activities of daily living and treatment history." R. 20.[1] To explain why she discredited the opinion, the ALJ analyzed the factors in 20 C.F.R. § 404.1527(c). She acknowledged the relationship between Mork and her doctor, and

---

[1] The court cites to the administrative record at Dkt. 8.

the doctor's specialization as a physiatrist. *Id.* But the ALJ also identified the inconsistency of the doctor's opinion with the rest of the record. *Id.* The ALJ cited the doctor's own records, R. 401-03, 496, the opinions of the other doctors, including R. 401-403, 496, 498, 501-02, and Mork's treatment history and daily activities to conclude that the treating doctor's opinion deserved only little weight. R. 20. Because the ALJ adequately considered the factors and explained her decision, the court will affirm it.

Mork next argued that because her treating doctor limited her ability to lift and to repetitively use her hands and arms, *see* R. 495, those limitations should have been incorporated into the ALJ's hypothetical questions to the VE. But the ALJ discounted the doctor's opinion and declined to adopt all of her recommended limitations, R. 20, and the ALJ did not need to include limitations that she did not accept. *Seamon v. Astrue*, 364 F. App'x 243, 248 (7th Cir. 2010). ("[T]he ALJ's hypothetical should incorporate only those limitations that [s]he accepts as credible."). Further, the ALJ's questions to the VE included limitations on lifting, fingering, and handling. R. 74-75. And the VE's response that Mork could perform work as a receptionist was consistent with those limitations. Therefore, the ALJ's questions to the VE were appropriately inclusive of Mork's limitations.

Last, Mork argued that the ALJ erred by not reconciling a discrepancy in the VE's testimony. The DOT code that the VE mentioned did not refer to the job that he was describing. R. 73. He was off by one digit. But from the context of the transcript and the ALJ's decision, it is clear that the VE and the ALJ both meant to refer to the job of receptionist. To reverse the Commissioner's decision for the equivalent of a typo would be a waste of time and resources because the content of the VE testimony on remand would likely be the same. Mork's counsel conceded at the hearing that the requirements of the receptionist job were within the RFC as found by the ALJ. Therefore, the court will find that the error was harmless.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Kathleen Mork's application for disability benefits is AFFIRMED and plaintiff Kathleen Mork's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered May 15, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge